IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:02-CR-127-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| JAMES ARNELL CANADY | ) | |

This cause comes before the Court on defendant's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c). The government has responded and the motion is ripe for review. For the reasons discussed below, defendant's motion is denied.

## DISCUSSION

Defendant, Canady, is currently serving a term of 315 months' imprisonment following his conviction by a jury of conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base, possession with intent to distribute more than five grams of cocaine base and aiding and abetting, distribution of more than five grams of cocaine base, and using and carrying a firearm during and in relation to a drug trafficking offense. 21 U.S.C. §§ 841, 846; 18 U.S.C. § 924(c). Canady seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2) and cites Amendments 706, 780, 782, and 750 to the United States Sentencing Guidelines as the bases for reduction.

There are limited exceptions to the general rule that a court is without the power to modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). Section 3582(c)(2) allows for the reduction of a sentence where, *inter alia*, the applicable sentencing range has been lowered

by the Sentencing Commission. The Court, Fox, J. presiding,[1] has denied several prior motions by Canady for reduction in his sentence based on amendments to the sentencing guidelines, including a reduction based on Amendment 706 and most recently Amendment 782, finding Canady ineligible for a reduction under the amendments.[2] *See* DE 328; 416. Canady was deemed to be ineligible for a reduction under Amendment 782 as his offense of conviction involved greater than 25.2 kilograms of cocaine base. Accordingly, the Court construes the instant motion as one for reconsideration of the Court's prior orders. As Canady has come forward with no basis which would convince the Court that its prior denials were in error, his motion for reduction in sentence pursuant to § 3582(c)(2) is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion [DE 420] is DENIED.

SO ORDERED, this 2 day of October, 2017.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Judge Fox presided over this matter prior to its reassignment to the undersigned on June 2, 2017.
[2] Amendments 750 and 780 were incorporated into succeeding editions of the sentencing guidelines prior to the issuance of Amendment 782.